# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROGER W. WATTS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **WELLS FARGO DEALER** ) | |
| **SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Wells Fargo Dealer Services, Inc. ("Wells Fargo") gives notice of the removal of the proceeding entitled *Roger W. Watts Jr. v. Wells Fargo Dealer Services, Inc.*, designated CV-2015-000171, pending in the Circuit Court of Etowah County, Alabama to the United States District Court for the Northern District of Alabama, Middle Division[1] and respectfully shows unto the Court as follows:

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

   **A.   The Complaint.**  On or about November 6, 2015, Roger W. Watts, Jr. ("Watts") filed a Complaint for damages entitled *Roger W. Watts, Jr. v. Wells Fargo Dealers Services, Inc.*, which is now pending as CV-2015-000171 in the

---

[1] Wells Fargo specifically reserves any and all applicable defenses pursuant to *Federal Rule of Civil Procedure* 12.

1

Circuit Court for Etowah County, Alabama. In the Complaint, Watts seeks actual and punitive damages arising from an alleged violation of the Fair Debt Collection Practices Act and a variety of common law claims arising from a loan owned and serviced by Wells Fargo. The Complaint, a copy of which is attached hereto within **Exhibit A**,[2] more fully describes the nature of this action.

  **B.** **All Defendants Join.** Wells Fargo is the only named Defendant in this action. Thus, in accordance with federal law, all named and properly-served Defendants in this action have joined in this Notice of Removal.

## II. BASIS FOR REMOVAL – ORIGINAL JURISDICTION

  The removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."). In this case, removal is proper based on federal-question jurisdiction and diversity jurisdiction.

  **A.** **Removal is proper based on federal-question jurisdiction.** This Court is provided with original jurisdiction over this case pursuant to 28 U.S.C.

---

[2] Exhibit A contains all pleadings filed in the Circuit Court for Etowah County.

§ 1331 because the case arises under federal law. This Court has subject-matter jurisdiction over cases that arise under federal law. *See* 28 U.S.C. § 1331. Accordingly, "a case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint." *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985). "The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Id*. at 822 (*citing Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)).

In his Complaint, Watts asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The FDCPA provides that "[a]n action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d). Thus, by specifically pleading a claim arising under a federal statute that expressly provides jurisdiction to United States district courts within his Complaint, Watts has clearly disclosed the federal question at issue in this action, and this Court is vested with jurisdiction under § 1331.

Since this matter involves a claim arising under a federal law, the United States District Court for the Northern District of Alabama has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Accordingly, Wells Fargo has established the requirements for removal under 28 U.S.C. §§ 1441 and 1446.

**B.     Removal is proper because diversity jurisdiction exists.** This Court is also provided with original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because the matter is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

**1.     Citizenship:** Watts is a citizen of Alabama and has lived in Alabama for over fifty years. (*See* Complaint ¶ 2.) Wells Fargo Dealer Services, Inc. is a division of Wells Fargo Bank, N.A., which is a national banking association chartered under the laws of the State of South Dakota with its principal place of business in Sioux Falls, South Dakota. Accordingly, this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332, as the parties are diverse and no named Defendant is citizen of the State of Alabama.

**2.     Amount in Controversy:** A removing defendant may establish the amount in controversy by looking to the initial pleading or other paper. 28 U.S.C. § 1446(b). "[A] case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007).

In the instant case, it is facially apparent from Watt's Complaint that the amount in controversy exceeds $75,000.00. (*See generally* Complaint); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (removal is proper if it is "facially apparent" from the complaint that the amount exceeds the

jurisdictional requirement). Watts seeks $211,316.40 in damages from Wells Fargo in addition to damages "for aggravation, inconvenience, defamation, and intention [in]fliction of emotional duress" and attorney's fees. (Complaint ¶ 10.)

Accordingly, because the parties are diverse and the amount in controversy requirement is met, this Court properly has jurisdiction.

### III.  THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

**A.  Venue is Proper.**  In accordance with 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Northern District of Alabama, Middle Division, because, according to the Complaint, a substantial portion of the events giving rise to Watt's claims occurred in Etowah County, Alabama. Pursuant to 28 U.S.C. § 1441(a) and (b), this case may be removed to the United States District Court for the Northern District of Alabama, Middle Division.

**B.  Removal is Timely.** Wells Fargo was served with the Complaint on November 19, 2015. Thus, thirty days (30) have not expired since Wells Fargo received notice of this action, making removal proper in accordance with 28 U.S.C. § 1446(b).  In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in this action are attached to this Notice of Removal as Exhibit A.

**C.  The State Court has been Notified.**  A copy of the notice of filing notice of removal that was filed with the Circuit Court of Etowah County, Civil Division, is attached as **Exhibit B**.

## IV.   CONCLUSION AND REQUESTED RELIEF

For the reasons described above, Wells Fargo respectfully requests this Court to proceed with this matter as if it had been originally filed herein to grant Wells Fargo such other relief to which it is justly entitled.

Respectfully submitted on this the 10th day of December, 2015.

/s/ Catherine C. Long
D. KEITH ANDRESS
CATHERINE C. LONG
JADE E. SIPES

Attorneys for Defendant Wells Fargo Dealer Services, Inc.

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
420 20th Street North
1400 Wells Fargo Tower
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007
kandress@bakerdonelson.com
clong@bakerdonelson.com
jsipes@bakerdonelson.com

## CERTIFICATE OF SERVICE

  I hereby certify that on December 10, 2015, the foregoing has been served upon the following via US First Class Mail, postage prepaid and properly addressed as follows:

Roger W. Watts, Jr., Pro Se
c/o Aldebaran Office of Executor
P.O. Box 894
Gadsden, Alabama 35902

_____
OF COUNSEL