FILED

2016 May-12  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA



|  |  |
|---|---|
| ROGER W. WATTS JR "et-al" | **Case No. <u>4:15-CV-02250-KOB</u>** |
| Plaintiff(s) | AMENDED VERIFIED FAIR DEBT COLLECTION PRACTICING ACT COMPLAINT; PETITION FOR DECLARATORY RELIEF AND FOR COMPENSATORY AND PUNITIVE DAMAGES |
| Vs |  |
| WELLS FARGO DEALER SERVICES |  |
| Defendant(s) |  |

## AMENDED VERIFIED FAIR DEBT COLLECTION PRACTICING ACT COMPLAINT; PETITION FOR DECLARATORY RELIEF AND FOR COMPENSATORY AND PUNITIVE DAMAGES

COMES NOW, Roger William Watts Jr., Secured Party, Naked Owner for Assumed Business Name ROGER W. WATTS JR, hereafter "Roger William Watts Jr.," or "Party of Interest" or "Plaintiff(s)" moves the court with this AMENDED VERIFIED FAIR DEBT COLLECTION PRACTICING ACT COMPLAINT; PETITION FOR DECLARATORY RELIEF AND FOR COMPENSATORY AND PUNITIVE DAMAGES. Plaintiff(s) respectfully request the indulgence of this court as Pro se, Plaintiff(s) is not schooled in law.

## PARTIES

A.    Plaintiff(s), and Party of Interest, Roger William Watts Jr., hereafter ROGER W. WATTS JR   or Plaintiff(s) is an individual/sole proprietor residing in the Alabama.

B.    Defendant(s) WELLS FARGO DEALER SERVICES INC (Entity ID # 905 - 365) is a corporation doing business in the State of Alabama.

## PLAINTIFF(S) DEMAND FOR A JURY TRIAL

Plaintiff(s), herein referenced, asserts his rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues of fact, in accordance with the Alabama Code and Federal Rule of Civil Procedure 38.

## MANDITORY JUDICIAL NOTICE

Let the records show the Plaintiff(s) herein binds and accept the oaths of all other officers of the court who many come in contact with the matter of ROGER W. WATTS JR versus, WELLS FARGO DEALER SERVICES INC are noticed under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of *Haines v Kerner*, 404 U.S. 519-421, *Platsky v. C.I.A.* 953 F.2d. 25, and *Anastasoff v. United States,* 223 F.3d 898 (8th Cir.

2000), relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001). In re *Haines*: pro se litigants are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re *Platsky*: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings. In re *Anastasoff*: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. Platsky: court errs if court dismisses the pro se litigant (Plaintiff is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings. In re Anastasoff:

## INTRODUCTION; JURISDICTION AND VENUE

1.   This is an action for FAIR DEBT COLLECTION PRACTICING ACT VIOLATIONS; And a DEFAULT IN DISHONOR, DISCHARGE OF OBLIGATION TO PAY INSTRUMENT AND DEMAND FOR RECONVEYANCE; and other relief.

2.   The Defendant(s) herein maintains their office in the State of Alabama and does do business within State of Alabama. Plaintiff(s) has been a residents of the State of Alabama for a period in excess of 50 years.

3.   This civil action arises under a DEFAULT IN DISHONOR, DISCHARGE OF OBLIGATION TO PAY INSTRUMENT AND DEMAND FOR RECONVEYANCE and an attempt/fraudulent repossession Order/action. Wherein Plaintiff(s) moves the court with a AMENDED VERIFIED FAIR DEBT COLLECTION PRACTICING ACT COMPLAINT VIOLATIONS; PETITION FOR DECLARATORY RELIEF AND FOR COMPENSATORY AND PUNITIVE DAMAGES against WELLS FARGO DEALER SERVICES INC (Entity ID # 905 - 365).

4.   The Defendant(s) herein are wrongfully, unlawful and illegally attempting repossess Plaintiff(s) property MAKE: 2011 BMW MODEL: 750 VEHICLE IDENTIFICATION NO.: VIN# WBAKC8C56BC434525, LICENSE NUMBER: 9399AH7 (STATE OF ALABAMA).

5.    The Plaintiff(s), complaint alleges violations of law by fraudulent practices of Defendant(s), denying Plaintiff(s) full disclosure, due process, and a fair trial, based upon fraudulent documents with the intentions to wrongfully, unlawfully / illegally repossession on the property MAKE: 2011 BMW MODEL: 750 VEHICLE IDENTIFICATION NO.: VIN# WBAKC8C56BC434525, LICENSE NUMBER: 9399AH7 (STATE OF ALABAMA).

6.    All of the claims derive from a common nucleus of operative fact. All the events herein-transpired with the property that's located in the MAKE: 2011 BMW MODEL: 750 VEHICLE IDENTIFICATION NO.: VIN# WBAKC8C56BC434525, LICENSE NUMBER: 9399AH7 (STATE OF ALABAMA).

## STATUS OF PARTIES

7.    Party of Interest and Plaintiff(s) herein are sole proprietor(s), secured party and the naked owner of title for the said Plaintiff(s) ROGER W. WATTS JR.

8.    Defendant(s) is a corporation doing business in banking under the name of WELLS FARGO DEALER SERVICES INC / CARMAX AUTO SUPERSTORES INC (Entity ID # 130-431). The Defendant(s) WELLS FARGO DEALER SERVICES INC (Entity ID # 905 - 365) is doing business in the State of Alabama and is served

at their Registered Agent: CSC LAWYERS INCORPORATING SVC INC at: 150
South Perry Street, Montgomery AL 36104.

## AFFIDAVIT OF FACTS AND STATEMENTS OF THE TRUTH

9.    Let the record show: I, Roger William Watts Jr., am of lawful age competent and
willing to testify as follows based on my own personal knowledge. It appears and
Plaintiff(s) believes based on evidence, experience and common sense that agent(s)
by and through WELLS FARGO DEALER SERVICES INC "et. al", collectively,
did work or are working in collusion with each other in acts of deception,
intentional concealment, omission, or perversion of truth, to (1) gain unlawful or
unfair advantage, (2) induce another to part with some valuable item
or surrender a legal right, or (3) inflict injury in some manner against Plaintiff(s)
herein in referenced.

10.    Let the record show agent(s) by and through WELLS FARGO DEALER
SERVICES INC "et. al", is a professional debt collectors and has advanced writings
which agent(s) for CarMax Auto Superstores, Inc. Let the record show agent(s) by
and through WELLS FARGO DEALER SERVICES INC "et-al" are relying on the
false writings to the detriment of the agent(s) by and through WELLS FARGO
DEALER SERVICES INC "et-al". A jury shall determine agent(s) by and through

WELLS FARGO DEALER SERVICES INC "et-al" in an attempt to extort over $70,000.00 from Plaintiff(s), herein warranting treble damages, or $211,316.40 plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress. Pro se litigants may be entitled to Attorney fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988.

11.     On or about the $\underline{29^{th}}$, day of October, 2015, the Plaintiff(s)  received a phone call from agent from Victory Recovery Services at: 4657 Thompson Mill Rd, Buford, GA 30518 are attempting to perform an unlawfully and illegally repossession on Plaintiff(s) property herein referenced.

12.     The Defendant(s) agent(s) by and through WELLS FARGO DEALER SERVICES INC "et. al", concealed what he/they know to be true, failed to verify alleged debt, failed to validate alleged debt, misrepresented the facts, are in default for non performance and non response.

13.     **Let the record show the Defendant(s) are in default to Plaintiff(s) herein for failure to respond, rebut, or perform on opportunity to cure fault.**

### NOTICE FOR VERIFIED
### *Non-Negotiable Non-Transferable*
### FINAL NOTICE OF DEFAULT IN DISHONOR
### and OPPORTUNITY TO CURE

Let the record show, Pro se, Claimant(s), Roger W. Watts Jr., collectively "Claimant", via CERTIFIED MAIL # <u>7010 2780 0001 3480 6638</u>, hereby duly serve the following; FINAL NOTICE OF DEFAULT IN DISHONOR and OPPORTUNITY TO CURE, on / against WELLS FARGO & COMPANY  and John G. Stumpf, Chairman, President, CEO Wells Fargo & Company, collectively Respondent(s) for proof of claim and full disclosure on Account Number 9381851591with Wells Fargo Dealer Services and  is a division of Wells Fargo Bank, N.A., a subsidiary of WELLS FARGO & COMPANY.

Let the record show a FINAL NOTICE OF DEFAULT IN DISHONOR and OPPORTUNITY TO CURE was delivered to John G. Stumpf, Chairman, President, CEO for Wells Fargo & Company dba WELLS FARGO BANK, NA.

Lender's **Re: WELLS FARGO Account # 9381851591**

The **Notice of Fault** and **Opportunity to Cure** upon the *Non-Negotiable Non-Transferable NOTICE* OF ACCEPTANCE UPON PROOF OF CLAIM and Affidavit of Good Faith and Proof of Claim presentments enclosed within the Certified Mailing,

received by the Respondent/Lender on or about December 19, 2014 and as evidenced by Certified Mail #7010 2780 0001 3480 5891 and Certificate of Mailing.

Accordingly the **Notice of Fault** and **Opportunity to Cure** upon the *Non-Negotiable Non-Transferable* NOTICE OF DISPUTE AND DEMAND FOR FULL DISCLOSURE OF LOAN AGREEMENT and REQUEST FOR ADMISSIONS presentments enclosed within the Certified Mailing, received by the Respondent/Lender on or about January 20, 2015 and as evidenced by Certified Mail #7010 2780 0001 3480 5952 and Certificate of Mailing.

Accordingly the **Notice of Fault** and **Opportunity to Cure** upon the *Non-Negotiable Non-Transferable* NOTICE OF FAULT IN DISHONOR and OPPORTUNITY TO CURE within the Certified Mailing, received by the Respondent/Lender on or about March 04, 2015 and as evidenced by Certified Mail #7010 2780 0001 3480 6560 and Certificate of Mailing.

Accordingly the **Second Notice of Fault** and **Opportunity to Cure** upon the *Non-Negotiable Non-Transferable* SECOND NOTICE OF FAULT IN DISHONOR and OPPORTUNITY TO CURE within the Certified Mailing, received by the

Respondent/Lender on or about April 06, 2015 and as evidenced by Certified Mail #<u>7010 2780 0001 3480 6232</u> and PS 3811/Certificate of Mailing.

By the terms and conditions of the agreement contained in that document, since the Borrower disputed the Loan, the Lender was under obligation to timely and in good faith provides full validation and verification of the debt under penalty of perjury within twenty (20) days pursuant to UCC and FDCPA or requests an extension of time.

The Lender's failure to honor the offer places the Lender at Default.  This is the Borrower's good faith offer to extend the time over an additional (19) days from date of delivery to give the Lender an opportunity to cure the Lender's fault, to make the required presentment and to cure the Lender's fault.

Should the Lender fail, refuse or neglect to respond to this Second Notice of Fault and Opportunity to Cure, the Borrower will enter a Notice of Default, as second witness, upon the Respondent/Lender.

Of this presentment the Lender should take due Notice and heed, and govern oneself accordingly.

**Fault:**  *"American Law - Negligence; an error or defect of judgment or of conduct; any deviation from prudence, duty, or rectitude; any shortcoming, or neglect of care or performance resulting from inattention, incapacity, or perversity; a wrong tendency, course, or act; bad faith or mismanagement; neglect of duty."* <u>Black's</u> <u>Law</u> <u>Dictionary</u>, 4th Edition, page 738.

**Default:**  *"By its derivation, a failure.. An omission of that which ought to be done...Specifically, the omission or failure to perform a legal duty...The term also embraces the idea of dishonesty and of wrongful act."*  Ibid, page 505.

*NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*

Applicable to all successors and assigns Silence is Acquiescence

**NOTICE OF DEFAULT IN DISHONOR,
DISCHARGE OF OBLIGATION TO PAY INSTRUMENT
AND DEMAND FOR RECONVEYANCE**

Pro se, Claimant(s), Roger W. Watts Jr., collectively "Claimant", via CERTIFIED MAIL # <u>7015 0640 0003 9532 4524</u>, hereby duly serve the following; Non-Negotiable, Non-Transferable NOTICE OF DEFAULT IN DISHONOR, DISCHARGE OF OBLIGATION TO PAY INSTRUMENT AND DEMAND FOR RECONVEYANCE

on / against WELLS FARGO & COMPANY  and John G. Stumpf, Chairman, President, CEO Wells Fargo & Company, collectively Respondent(s) for proof of claim and full disclosure on Account Number 9381851591with Wells Fargo Dealer Services and  is a division of Wells Fargo Bank, N.A., a subsidiary of WELLS FARGO & COMPANY.

**NOTICE FOR VERIFIED**
Non-Negotiable, Non-Transferable
**NOTICE OF DISCHARGE OF OBLIGATION TO PAY INSTRUMENT**

Let the record show a NOTICE OF DEFAULT IN DISHONOR, DISCHARGE OF OBLIGATION TO PAY INSTRUMENT AND DEMAND FOR RECONVEYANCE was delivered to John G. Stumpf, Chairman, President, CEO for Wells Fargo & Company dba WELLS FARGO BANK, NA / WELLS FARGO DEALER SERVICES / WELLS FARGO DEALER SERVICES.

Lender's **Re: CARMAX Account # 8879207 assignment to WELLS FARGO Account # 9381851591** executed on May 08, 2014 (hereinafter **"Loan"**) for property describes as: BMW, 750, BLK, VIN# WBAKC8C56BC434525.

A **Notice of Default in Dishonor** to the Lender upon the instrument entitled **"Notice and Demand for Full Disclosure and Verification of Loan Agreement"**, received

by the Lender on [green postcard date], 2015 and as evidenced by CERTIFIED MAIL
# 7015 0640 0003 9532 4524.

By the terms and conditions of the agreement contained in that document, the Lender
was under obligation to timely and in good faith protest and/or honor that presentment
within twenty (20) days.

The Lender's failure to honor the offer, even after the Borrower granted an five (5)
days as an opportunity for the Lender to cure the Lender's fault, is a dishonor and
places the Lender at default.

By the Lender's default, the Lender is deemed to be in bad faith, violation of public
trust, bond, and/or ministerial duty to do that which is right.

Therefore this presentment is also a Notice of Discharge of Obligation to Pay
Instrument and Demand for Reconveyance to the Lender upon the instrument entitled
"TITLE", executed on May 08, 2014 between the Lender and the Borrower, pursuant
to the Uniform Commercial Code (UCC) §3-308 for failure to bear the burden of
proof of signature and status as Holder or Holder in Due Course, to UCC §3-309 for
failing to prove the terms of the instrument and the right to enforce a stolen instrument,
to UCC §8-315 for returning a certificated security wrongfully transferred, and to
UCC §3-301 & 3-604 for allowing a person entitled to enforce an instrument to
discharge an obligation to pay an instrument by an intentional voluntary act to cancel

an instrument by a signed writing (see attached Notice of Discharge of Obligation to Pay Instrument).

Consequently, the Lender must immediately return the following items to the Borrower within **ten** (10) **days** of the receipt by the Lender of this "Notice of Default in Dishonor, Discharge of Obligation to Pay Instrument and Demand for Reconveyance":

1.     Borrower's Promissory Note/Contract dated May 08, 2014 between the Borrower and the Lender for the amount of <u>$50,363.40</u>;

2.     The Borrower's Title ("Security Instrument") dated May 08, 2014 between the Borrower and the Lender for property describes as: BMW, 750, BLK, VIN# WBAKC8C56BC434525.

3.     The Release of Lien for property described in item #2 above through the execution of the attached document entitled **"Bill of Sale"** by an authorized agent/officer of the Lender.

Should the Lender fail, refuse or neglect to respond to this " **Notice of Default in Dishonor, Discharge of Obligation to Pay Instrument and Demand for Reconveyance**", the Borrower will enter a **"Petition for Deposition Before Action"**

in the District Court of the United States in the district of residence of the Lender, as the Borrower certainly desires "***to perpetuate testimony… to prevent a failure or a delay of justice…***", pursuant to Rule 27 of the Federal Rules of Civil Procedure and/or corresponding state Rules of Civil Procedure.  A request to demand the production of documents will be incorporated into this petition.

Of this presentment the Lender should take due **Notice** and heed, and govern oneself accordingly.

**Fault:**  *"American Law - Negligence; an or defect of judgment or of conduct; any deviation from prudence, duty, or rectitude; any shortcoming, or neglect of care or performance resulting from inattention, incapacity, or perversity; a wrong tendency, course, or act; bad faith or mismanagement; neglect of duty."* Black's Law Dictionary 4th Edition, page 738.

**Default:**  *"By its derivation, a failure.  An omission of that which ought to be done.  Specifically, the omission or failure to perform a legal duty.  The term also embraces the idea of dishonesty and of wrongful act."*  Ibidem, page 505.

**Discharge:**  *"To release; liberate; annul; unburden; disincumber; dismiss. To extinguish an obligation (e.g., a person's liability on an instrument),"* Black's Law Dictionary, 6th Edition, page 463.

**Reconveyance:**   *"The return of title and ownership in real estate to a party that previously held title to it."*  Ibidem, page 1273.

**Demand:**   *"The assertion of a legal right; a legal obligation asserted in the courts. An imperative request preferred by one person to another, under a claim of right, requiring the latter to do or yield something or to abstain from some act."*  Ibidem, page 429.

**Stolen:**   *"Acquired, or possessed, as a result of some wrongful or dishonest act or taking, whereby a person willfully obtains or retains possession of poprperty which belongs to another, without or beyond any permission given, and with the intent to deprive the owner of the benefit of ownership (or possession) permanently."*  Ibidem, page 1419.

**Bad faith:**   *"The opposite of 'good faith', generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive."*  Ibidem, page 139.*NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*

Applicable to all successors and assigns Silence is Acquiescence

## FACTS IN DISPUTE / TRIABLE ISSUES OF FACT:

Let the record show the Defendant(s) are in default to Plaintiff(s) herein for failure to respond, rebut, or perform on said opportunity to cure fault. Let the record show the following facts in dispute / triable issues of fact: Whether agent(s) by and through WELLS FARGO DEALER SERVICES INC authorized a repossession.  whether a contract between WELLS FARGO DEALER SERVICES INC and Plaintiff(s) survives today, Whether Plaintiff(s) currently owes WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores, Inc money. Whether Agent(s) by and through the WELLS FARGO DEALER SERVICES INC lack standing to issue an order to repossess Plaintiff(s) property herein referenced. Whether, Agent(s) for WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores, Inc lacks first-hand knowledge and standing to perform repossession on Plaintiff(s) property herein referenced. Let the record show WELLS FARGO DEALER SERVICES INC "et-al" undisputed act of refusing to verify and validate said alleged debt that Plaintiff(s) owes WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores, Inc money is an act of willful bad faith and or willful fraud, and Whether Plaintiff(s) have been damaged emotionally, financially, and or socially by ongoing litigation coupled with continued refusal to verify that WELLS FARGO DEALER SERVICES INC authorized the said repossession; that a contract between WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores, Inc and Plaintiff(s)

survives today; or that Plaintiff(s) owes WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc money. **Whether** Agent(s) for WELLS FARGO BANK NA / WELLS FARGO DEALER SERVICES INC are in default to a administrative remedy and refuse to perform a release of lien and transfer of ownership of MAKE: 2011 BMW MODEL: 750 VEHICLE IDENTIFICATION NO.: VIN# WBAKC8C56BC434525, LICENSE NUMBER: 9399AH7 (STATE OF ALABAMA).

### Debt Collector(s) by and through WELLS FARGO DEALER SERVICES INC, IS A COLLECTION AGENCY AND REQUIRED TO FOLLOW TITLE 15 Chapter 41 Sub V section 1692 – DEBT COLLECTION PRACTICES

Let the record show agent(s) by and through WELLS FARGO DEALER SERVICES INC "et-al" and all its agents are Debt Collectors. Accordingly let the record show WELLS FARGO DEALER SERVICES INC and all its agents are Debt Collectors. Let the record show it appears that agent(s) by and through WELLS FARGO DEALER SERVICES INC "et-al" is just a collection agency and thereby is required to follow 15 U.S. Code Chapter 41, Subchapter V - DEBT COLLECTION PRACTICES. Let the record show it appears that WELLS FARGO DEALER SERVICES INC is just a collection agency and thereby is required to follow 15 U.S. Code Chapter 41, Subchapter V - DEBT COLLECTION PRACTICES. Let the record show Title 15 relates to "verified assessment", in other words the debt collector must provide proof to validate the debt. Let the record show agent(s) by and through

WELLS FARGO DEALER SERVICES INC has not verified and Validate the allege debt before initiating the said repossession action/order and a refusal to release of lien and transfer of ownership of MAKE: 2011 BMW MODEL: 750 VEHICLE IDENTIFICATION NO.: VIN# WBAKC8C56BC434525, LICENSE NUMBER: 9399AH7 (STATE OF ALABAMA).

### NOTICE FOR UCC FINANCING STATEMENT AND EVIDENCE OF PARTIES OF INTEREST / SECURED PARTY

Let the record show One who is Roger William Jr., of the Watts family, hereafter "One" or "Roger William Watts" the living sentient man created in the image of Almighty God, with indefeasible title to One's land. One hereby gives notice for Uniform Commercial Code Financing Statement file with the DeKalb County Superior Court of Georgia, Initial file number 044-2015-04191 and Uniform Commercial Code Financing Statement Amendment file with the DeKalb County Superior Court of Georgia, Amendment file number 044-2015-04193.

### NOTICE FOR CLAIM IN RECOUPMENT

Let the record show One who is known as Roger William Watts Jr., Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER W. WATTS JR; Being age of majority One exercises claim of recoupment for pledge and grant of bailment of person and property in the state of infancy accepted by and delivered to

debtors / Bailees / WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores, Inc, as consideration for act of bailment by the One who is Protector, Property Manager and NAKED Owner Assumed Name / Trade Name ROGER W. WATTS JR., which is the property of the UNITED STATES pursuant to 12 USC 95a(2) and 12 USC 95b.

### ALABAMA RULES OF PROFESSIONAL CONDUCT

Let the record show the Plaintiff(s) herein believe and it appears that agent(s) by and through WELLS FARGO DEALER SERVICES INC and  agent(s) by and through CarMax Auto Superstores, Inc "et-al" are all working in collusion to deprive and defraud Plaintiff(s) property herein referenced MAKE: 2011 BMW MODEL: 750 VEHICLE IDENTIFICATION NO.: VIN# WBAKC8C56BC434525, LICENSE NUMBER: 9399AH7 (STATE OF ALABAMA).


### ADVANCES OF BANK CREDIT AS THE EQUIVALENT OF MONEY

Let the record show agent(s) by and through WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores, Inc apparently asserts that the Plaintiff(s) herein signed a promise to pay, such as a note(s) or credit application (collectively, the "Note"), in exchange for WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores, Inc  advance of funds, credit, or some type of money to or on behalf of Plaintiff(s). However, the bookkeeping entries required by application of GAAP and the Federal Reserve's own writings should trigger close scrutiny of agent(s) by and through

WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc apparent assertions that WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc lent its funds, credit, or money to or on behalf of Plaintiff(s), thereby causing them to owe WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc   $70,438.80 for MAKE: 2011 BMW MODEL: 750 VEHICLE IDENTIFICATION NO.: VIN# WBAKC8C56BC434525, LICENSE NUMBER: 9399AH7 (STATE OF ALABAMA). According to the bookkeeping entries shown or otherwise described and application of GAAP, the Plaintiff(s) allegedly were to tender some form of *money* ("lawful money of the United States of America" is the type of money explicitly called for in the Note), securities or other capital equivalent to money, funds, credit, or something else of value in exchange (money of exchange, loosely defined), collectively referred to herein as "money," to repay what the Plaintiff claims was the *money* lent to the Plaintiff(s). It is not an unreasonable argument to state that agents for WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc apparently changed the economic substance of the transaction from that contemplated in the credit application form,  agreement, note(s), or other similar instrument(s) that the Plaintiff(s) executed, thereby changing the costs and risks to the Plaintiff(s).

At most, WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc extended its own *credit* (money of account), but the Plaintiff(s) were required to repay in *money* (money of exchange, and *lawful money* at that), **which creates at  least the**

**inference of inequality of obligations** on the two sides of the transaction *(money,* including *lawful money, is* to be exchanged for *bank credit).*

## MODERN AUTHORITIES ON MONEY

To understand what occurred between Plaintiff and Defendants concerning the alleged loan of *money* or, more accurately, *credit,* it is helpful to review a modern Federal Reserve description of a bank's lending process. *See,* David H. Friedman, MONEY AND BANKING (4th ed. 1984) (apparently already introduced into this case): "The commercial bank lending process is similar to that of a thrift in that the receipt of cash from depositors increases both its assets and its deposit liabilities, which enables it to make additional loans and investments. . . When a commercial bank makes a business loan, it accepts as an asset the borrower's debt obligation (the promise to repay) and creates a liability on its books in the form of a demand deposit in the amount of the loan." (Consumer loans are funded similarly.) Therefore, the bank's original bookkeeping entry should show an increase in the amount of the asset credited on the asset side of its books and a corresponding increase equal to the value of the asset on the liability side of its books. **This would show that the bank received the customer's signed promise to repay as an *asset,* thus *monetizing* the customer's signature and creating on its books a liability in the form of a demand deposit or other demand liability of the bank.** The bank then usually would hold this demand deposit in a transaction account on behalf of the customer. Instead of the bank lending its *money* or other assets to the customer, as the

customer reasonably might believe from the face of the Note, the bank *created* funds for the customer's transaction account without the customer's permission, authorization, or knowledge and delivered the *credit* on its own books representing those funds to the customer, meanwhile alleging that the bank lent the customer *money.* If WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc response to this line of argument is to the effect that it acknowledges that it lent credit or issued credit instead of money, one might refer to Thomas P. Fitch, BARRON'S BUSINESS GUIDE DICTIONARY OF BANKING TERMS, "Credit banking," 3. "Bookkeeping entry representing a deposit of funds into an account." But WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc loan agreement apparently avoids claiming that the bank actually lent the Plaintiff(s) *money.* They apparently state in the agreement that the Plaintiff(s) are obligated to repay WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc principal and interest for the "Valuable consideration (money) WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc gave the Plaintiff(s) (buyers)." The loan agreement and Note apparently still delete any reference to WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc 's receipt of actual cash value from the Plaintiff(s) and exchange of that receipt for actual cash value that WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc returned.

**According to the Federal Reserve Bank of New York, money is anything that has value that banks and people accept as money; money does not have to be issued**

**by the government.**

For example, David H. Friedman, I BET YOU THOUGHT. . . . 9, Federal Reserve Bank of New York (4th ed. 1984)(apparently already introduced into this case), explains that banks create new money by depositing IOUs, promissory notes, offset by bank liabilities called checking account balances. Page 5 says, <u>"Money doesn't have to be intrinsically valuable, be issued by government, or be in any special form. . . ."</u> The publication, Anne Marie L. Gonczy, MODERN MONEY MECHANICS 7-33, Federal Reserve Bank of Chicago (rev. ed. June 1992)(apparently already introduced into this case), contains standard bookkeeping entries demonstrating that *money* ordinarily is recorded as a bank *asset,* while a bank *liability* is evidence of *money* that a bank owes. The bookkeeping entries tend to prove that banks accept cash, checks, drafts, and promissory notes/credit agreements (assets) as *money* deposited to create credit or checkbook money that are bank *liabilities,* which shows that, absent any right of setoff, banks owe *money* to persons who deposit *money.. * **Cash (money of exchange) is money, and credit or promissory notes (money of account) become money when banks deposit promissory notes with the intent of treating them like deposits of cash.** *See,* 12 U.S.C. Section 1813 (/)(1) (definition of "deposit" under Federal Deposit Insurance Act). The Plaintiff acts in the capacity of a lending or banking institution, and <u>the newly issued credit or money is</u> <u>similar or equivalent to a promissory note, which may be treated as a deposit of money</u>

when received by the lending bank. Federal Reserve Bank of Dallas publication MONEY AND BANKING, page 11, explains that when banks grant loans, they create new money. The new money is created because a new "loan becomes a deposit, just like a paycheck does." MODERN MONEY MECHANICS, page 6, says, "What they [banks] do when they make loans is to accept promissory notes in exchange for credits to the borrowers' transaction accounts." The next sentence on the same page explains that the banks' assets and liabilities increase by the amount of the loans.

### COMMENTARY AND SUMMARY OF ARGUMENT

Apparently agents for CarMax Auto Superstores Inc and agents for WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc are working in collusion to deceive and deprive Plaintiff(s) herein of MAKE: 2011 BMW MODEL: 750 VEHICLE IDENTIFICATION NO.: VIN# WBAKC8C56BC434525, LICENSE NUMBER: 9399AH7 (STATE OF ALABAMA). Apparently agents for CarMax Auto Superstores Inc and agents for WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc accepted the Plaintiff(s) Note and credit application (money of account) in exchange for its own credit (also money of account) and deposited that credit into an account with the Plaintiff(s) names on the account, as well as apparently issuing its own credit for $70,430.80 to WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc for the account of the Plaintiff(s). One reasonably might argue that the

agents for WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc

recorded the Note or credit application as a loan (money of account) from the Plaintiff(s) to

WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc  and that

WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc then

became the borrower of an equivalent amount of money of account from the Plaintiff(s).

### WELLS FARGO DEALER SERVICES INC / CARMAX AUTO SUPERSTORES INC IN FACT NEVER LENT ANY OF ITS OWN PRE-EXISTING MONEY, CREDIT OR SOME ASSETS AS CONSIDERATION TO PURCHASE THE NOTE OR CREDIT AGREEMENT FROM PLAINTIFF(S)

Let the record show it appears that WELLS FARGO DEALER SERVICES INC /

CarMax Auto Superstores Inc  refuses to lend its own money and there is an utter ***failure***

***of consideration*** for the a "loan contract". When WELLS FARGO DEALER SERVICES

INC / CarMax Auto Superstores Inc deposited the Plaintiff(s)' $70,438.80 of newly

issued credit into an account, for WELLS FARGO DEALER SERVICES INC / CarMax

Auto Superstores Inc created a $70,438.80 of new money (the nominal principal amount

less up to ten percent or $7,438 of reserves that the Federal Reserve would require against

a demand deposit of this size). The Plaintiff received $70,438.80 of credit or money of

account from the Plaintiff(s) as an asset. GAAP ordinarily would require that WELLS

FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc record a liability

account, crediting the Plaintiff(s)' deposit account, showing that WELLS FARGO

DEALER SERVICES INC / CarMax Auto Superstores Inc owes $70,438.80 of money

to the Plaintiff(s), just as if the Plaintiff(s) were to deposit cash or a payroll check into their account.

The following appears to be a disputed fact in this case about which Plaintiff(s) have insufficient information on which to form a conclusion: Plaintiff(s) infer that it is alleged that WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc refused to lend the Plaintiff(s) WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc own money or assets and recorded a $70,438.80 loan from the Plaintiff(s) to WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc, which arguably was a $70,438.80 deposit of money of account by agents for WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc and then when agents for WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc repaid the Plaintiff(s) by paying its own credit (money of account) in the amount of $70,438.80 to third-party sellers of goods and services for the account of Plaintiff(s), the Plaintiff(s) were repaid their loan to WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc, and the transaction was complete.

Let the record show Plaintiff(s) herein have sufficient knowledge of the facts in this case to form a conclusion on the following disputed points: None of the following material facts are disclosed in the credit application or Note or were advertised by WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc to prove that the

Plaintiff(s) are the true lender(s) and WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc is true borrower.

Let the record show the agents for WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc are trying to use the credit application form, Assignment or Note to persuade and deceive the Plaintiff(s) into believing that the opposite occurred and in reality WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc was the borrower and not the lender.

Let the record show the following point is undisputed: The Plaintiff(s)' loan of their credit to WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc, when issued and paid from their deposit or credit account at WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc became money in the Federal Reserve System (subject to a reduction of up to ten percent for reserve requirements) as the newly issued credit was paid pursuant to written orders, including checks and wire transfers, to sellers of goods and services for the account of Plaintiff(s).

Based on the foregoing, WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc is using the Plaintiff(s) $70,438.80 Note for its own purposes and it remains to be proven whether WELLS FARGO DEALER SERVICES INC / CarMax Auto Superstores Inc has incurred any financial loss or actual damages.

## JURY TRIAL DEMANDED

Plaintiff(s) do hereby Demand a Jury Trial for the above styled action.

Determination by this Court that agents for WELLS FARGO BANK NA / WELLS FARGO DEALER SERVICES INC  and  CarMax Auto Superstores Inc collectively, did work or are working in collusion with each other in Act or course of deception, an intentional concealment, omission,  or  perversion  of  truth,  to  (1) gain unlawful  or unfair advantage,   (2)   induce   another   to   part   with   some   valuable   item or surrender a legal right,  or  (3)  inflict injury in  some  manner  against  the  Plaintiff(s) herein. Accordingly the rulings and determinations of The United States Supreme Court have precedent over unverified Attorney, opinions and justly require a judgment in favor of Plaintiffs herein in treble damages, or $211,316.40 from each defendant plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress.

**Wherefore;** Determination by this Court that Defendant(s) are in default to Plaintiff(s) herein for failure to respond, rebut, or perform on said opportunity to cure fault.

**Wherefore;** Determination by this Court that WELLS FARGO AND COMPANY / WELLS FARGO BANK NA / WELLS FARGO DEALER SERVICES INC is/are in an administrative default to Plaintiff(s) herein referenced.

**Accordingly;** Determination by this Court that WELLS FARGO AND COMPANY / WELLS FARGO BANK NA / WELLS FARGO DEALER SERVICES INC is/are in an administrative default and justly requires an Order for a release of lien and transfer of ownership (to plaintiff) of MAKE: 2011 BMW MODEL: 750 VEHICLE IDENTIFICATION NO.: VIN# WBAKC8C56BC434525, LICENSE NUMBER: 9399AH7 (STATE OF ALABAMA).

**Wherefore;** Plaintiff(s) seek award in treble damages, or $211,316.40 from the defendant plus a like amount for Act or course of deception, an intentional concealment, omission, or perversion of truth, to (1) gain unlawful or unfair advantage, (2) induce another to part with some valuable item or surrender a legal right, or (3) inflict injury in some manner against the Plaintiff(s) herein.

# AFFIDAVIT

STATE OF ALABAMA

COUNTY OF ETOWAH

I Roger William Watts Jr., being domiciled in Etowah County, Alabama and;

1. Being a Citizen of Alabama state and;

2. Being of the age of Majority, and;

3) Submitted the attached AMENDED VERIFIED FAIR DEBT COLLECTION PRACTICING ACT COMPLAINT; PETITION FOR DECLARATORY RELIEF AND FOR COMPENSATORY AND PUNITIVE DAMAGES  says;

4  I/We do hereby affirm that the allegations contained herein are true to my best knowledge and belief.

   FURTHER AFFIANT SAYETH NOT.


   Respectfully submitted on this  /2 day of May, 2016

By: _____
   Roger William Watts Jr., Pro se
   Aldebaran Office of Executor
   c/o: P.O. Box 894
   Gadsden, Alabama 35902
   917-684-4470

# VERIFICATION

I <u>Roger William Watts Jr.,</u> declare as follows:

1) I am named as the Plaintiff(s) in the above-entitled matter.

2) I have read the foregoing AMENDED VERIFIED FAIR DEBT COLLECTION PRACTICING ACT COMPLAINT; PETITION FOR DECLARATORY RELIEF AND FOR COMPENSATORY AND PUNITIVE DAMAGES, and attached Affidavit, and know the facts therein stated to be true and correct.

3) I declare, under penalty of perjury pursuant to the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this ⁄⁄ day of May, 2016

By: _____
Roger William Watts Jr., Pro se
Aldebaran Office of Executor
c/o: P.O. Box 894
Gadsden, Alabama 35902

**Wherefore;** Plaintiff(s) seek award in treble damages, or $211,316.40 from the defendant plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress in favor of Plaintiff(s) herein.

**Wherefore;** Plaintiff(s) request award in treble damages, or $211,316.40 from each defendant for willful fraud, willful misrepresentation, willful breach of trust, and willful dishonest service to the public, lack of full disclosure, plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress in favor of Plaintiff(s). Pro se litigants may be entitled to Attorney fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988.

Respectfully submitted this _12_ day of May, 2016

By: _____
Roger William Watts Jr., Pro se

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ACKNOWLEDGEMENT**

State of Alabama )

) solemnly affirming

County of Etowah ) and subscribing

By: _____

Roger William Watts Jr., Pro se

On 12th day of May, 2016 personally appeared before me, <u>Roger William Watts Jr.,</u> whose names are subscribed in the within this AMENDED VERIFIED FAIR DEBT COLLECTION PRACTICING ACT COMPLAINT; PETITION FOR DECLARATORY RELIEF AND FOR COMPENSATORY AND PUNITIVE DAMAGES     instrument, and acknowledged to me that he/she/they executed the same.

Witness my hand and official seal        By: _Shelie R. Wils_____

Notary Public

**My commission expires:** March 29, 2020

## CERTIFICATE OF SERVICE

This is to certify that the within and foregoing AMENDED VERIFIED FAIR DEBT COLLECTION PRACTICING ACT COMPLAINT; PETITION FOR DECLARATORY RELIEF AND FOR COMPENSATORY AND PUNITIVE DAMAGES has been served via U.S. Mail upon the following:

TO:  **CSC LAWYERS INCORPORATING SVC INC**

WELLS FARGO DEALER SERVICES INC
CSC LAWYERS INCORPORATING SVC INC
150 South Perry Street
Montgomery AL 36104

Respectfully submitted this _12_, day of May, 2016

By: _____
Roger William Watts Jr., Pro se

## **CERTIFICATE OF SERVICE**

This is to certify that the within and foregoing AMENDED VERIFIED FAIR DEBT COLLECTION PRACTICING ACT COMPLAINT; PETITION FOR DECLARATORY RELIEF AND FOR COMPENSATORY AND PUNITIVE DAMAGES has been served via U.S. Mail upon the following:


TO:    Baker Donelson
       1400 Wells Fargo Tower
       420 20th Street North
       Birmingham, Alabama 35203



Respectfully submitted this _6_ , day of May, 2016




By: _____
Roger William Watts Jr. Pro se