IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| ROGER W. WATTS, JR, | ] | |
|---|---|---|
| Plaintiff, | ] | |
| | ] | Case No.:   4:15-cv-02250-KOB |
| v. | ] | |
| WELLS FARGO DEALER SERVICES, INC., | ] | |
| Defendant. | ] | |

## MEMORANDUM OPINION

This matter is before the court on *pro se* Plaintiff Roger Watts, Jr.'s "Motion to Dismiss Verified Counterclaim for Restraining Order, Preliminary Injunction and Damages" (doc. 29); "Motion for Summary Judgment" (doc. 30); and "Motion to Strike Amended Answer to Verified Complaint" (doc. 31). Watts filed each of these Motions on July 5, 2016. Defendant Wells Fargo Dealer Services responded in Opposition to Watts's Motion to Dismiss and Watts' Motion to Strike on July 8, 2016. (Docs. 32 & 33).

For the reasons set out in this Memorandum Opinion, the court DENIES each of Watts's Motions.

I. **Motion to Dismiss Verified Counterclaim for Restraining Order, Preliminary Injunction and Damages**

First, the court will address Watts's Motion to Dismiss the Defendant's Verified Counterclaim for Restraining Order, Preliminary Injunction and Damages (doc. 29). The court is uncertain of whether Watts intended for this Motion to apply to Wells Fargo's Counterclaim that

1

was filed on June 23, 2016 (doc. 24), which has now been stricken, or to Wells Fargo's Counterclaim that was refiled as part of its Amended Answer on June 30, 2016 (doc. 28). However, the court finds that, regardless of Watts's intent, his Motion to Dismiss is due to be denied.

To the extent that Watts intended to ask the court to dismiss Wells Fargo's Counterclaim that was filed on June 23, 2016 (doc. 24), the court will DENY Watts's Motion as MOOT. After finding that Wells Fargo had failed to comply with the Federal Rules of Civil Procedure and had improperly filed its Counterclaim, the court sua sponte struck Wells Fargo's Counterclaim. (*See* Doc. 25). Therefore, this filing is no longer at issue.

Next, to the extent that Watts intended to ask the court to dismiss Well Fargo's Counterclaim that was refiled as part of its Amended Answer on June 30, 2016 (doc. 28), the court DENIES Watts's Motion as meritless. Watts did not state that he was relying on any Federal Rule of Civil Procedure in his Motion; however, *assuming arguendo* that Watts intended to move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the court can find no basis for dismissal.

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of a pleading. The United States Supreme Court has explained that "[t]o survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting and explaining its decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In his Motion to Dismiss, Watts does not argue that Wells Fargo failed to sufficiently plead its claims. Rather, Watts challenges the merits of Wells Fargo's claims, arguing that he,

2

rather than Wells Fargo, "is substantially likely to prevail on this claim for possession of the Vehicle." (Doc. 29, at 3).

A plaintiff, however, cannot use a motion to dismiss to challenge the veracity of the facts alleged in the pleading. *See, e.g., Stiller v. Sumter Bank & Trust Co.*, 860 F. Supp. 835, 837 (M.D. Ga 1994) ("The purpose of the motion to dismiss is not to challenge the factual allegations, but only to test the legal feasibility of the complaint."). Accordingly, Watts's factual challenges to Wells' Fargo's Counterclaim are not a basis for dismissal.

Watts additionally argues that Wells Fargo has no standing to assert its Counterclaims. This argument appears to be based on Watts's mistaken belief that a party's attorneys cannot file pleadings on behalf of their clients. As the court has previously stated, attorneys may properly file pleadings and motions on behalf of their clients. Thus, Watts's standing argument also lacks merit.

Therefore, the court will DENY Watts's Motion to Dismiss Wells Fargo's Counterclaim.

## II.   Motion for Summary Judgment

Next, the court will address Watts's Motion for Summary Judgment (doc. 30). The court finds that Watts' Motion for Summary Judgment is due to be denied for two reasons.

First, Watts's Motion for Summary Judgment is premature. The deadline for completion of discovery in this case is still over two months away – on September 30, 2016. The case is not yet ripe for summary judgment.

Second, Watts has failed to identify the basis for his Motion or to support his Motion with evidence. The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

Because Watts has failed to meet this standard, the court will DENY WITHOUT PREJUDICE Watts's Motion for Summary Judgment.

### III.   Motion to Strike Amended Answer to Verified Complaint

Finally, the court will consider Watts's Motion to Strike Wells Fargo's Amended Answer (doc. 31).

In his Motion, Watts repeatedly states, "Attorney attempting to testify for client that's not on the record." (Doc. 31). As explained above, attorneys may file pleadings and motions on behalf of their clients. The fact that an attorney filed a pleading on behalf of her client is not a basis for striking that pleading.

Wells Fargo complied with the Federal Rules of Civil Procedure in filing its Amended Answer. It moved for leave to file an Amended Answer, pursuant to Federal Rule of Civil Procedure 15(a)(2). Then, when the court granted that Motion, Wells Fargo filed its Amended Answer. No basis exists for striking Wells Fargo's Amended Complaint.

Accordingly, the court will also DENY Watts's Motion to Strike.

### IV.   Conclusion

For the reasons set out in this Opinion, the court will DENY Watts's Motion to Dismiss, Motion for Summary Judgment, and Motion to Strike.

Pursuant to Federal Rule of Civil Procedure 14(a)(4)(A)[1], the court ORDERS Watts to file an Answer to Wells Fargo's Counterclaim within 14 days of this Order. Watts's Answer should comply with Federal Rule of Civil Procedure 8(b), which requires that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against by an opposing party."

The court will enter a separate Order along with this Opinion.

DONE and ORDERED this 20th day of July, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Federal Rule of Civil Procedure 14(a)(4)(A) provides that "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."