IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ROGER W. WATTS, JR.,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | |
| ] | 4:15-cv-02250-KOB |
| **WELLS FARGO DEALER SERVICES,** ] | |
| **INC.,** ] | |
| ] | |
| Defendant. ] | |
| ] | |

### ORDER

This case comes before the court on Defendant Wells Fargo's request for a preliminary injunction as to its breach of contract claim. (Docs. 28, 49).[1] Wells Fargo alleges that Mr. Watts is in default under the financing contract he signed to purchase a car from CarMax, which sold the contract to Wells Fargo. Wells Fargo requests an injunction permitting it to repossess the car in which it has a security interest. Wells Fargo separately asks that the court immediately order Mr. Watts to turn possession of the vehicle over to Wells Fargo. The court held a hearing on Wells Fargo's request for a preliminary injunction on October 26, 2016.

A district court may grant a preliminary injunction if the movant shows: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted). "The

---

[1] Defendant made an oral motion for a hearing on its request for a preliminary injunction at the status conference held on September 23, 2016.

preliminary injunction is an extraordinary and drastic remedy not to be granted until the movant 'clearly carries the burden of persuasion' as to the four prerequisites. 'The burden of persuasion in all of the four requirements is at all times upon the plaintiff,'" or, in this case, the party seeking the injunction. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)).

The first two factors are the most important: "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *City of Jacksonville*, 896 F.2d at 1285 (quotations omitted) (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974). "A showing of irreparable harm is 'the sine qua non of injunctive relief.'" *Id.* (quoting *Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir. 1978)).

For the reasons stated on the record, the court finds that Wells Fargo is entitled to a preliminary injunction permitting it to repossess the car.

I.      **Likelihood of Success on the Merits**

Wells Fargo will likely succeed on the merits of its claim. Mr. Watts does not dispute that he signed the contract giving Wells Fargo the right to repossess the vehicle if he is in default. He made his last payment in June 2015 and thus has been in default since July 2015.

II.     **Irreparable Injury**

Normally, monetary injuries do not rise to the level of irreparable harm. *See Sampson*, 415 U.S. at 90 (quotations omitted) (quoting *Va. Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925) (1958) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."). However, in articulating that principle, the Supreme Court noted: "[I]t seems clear that the temporary loss of income, ultimately to be

recovered, does not usually constitute irreparable injury." *Id.* Thus, the Court left open the possibility that a party may be irreparably harmed by a financial injury in extraordinary circumstances for which monetary damages will not be an adequate remedy. Wells Fargo claims that it does not have an adequate remedy at law because Mr. Watts has no ability to pay the outstanding balance under the contract, as evidenced by his failure to make payments after June 2015.

At the hearing on Defendant's request, the court heard testimony from Mr. Watts, who is a pro se plaintiff, regarding Mr. Watts's financial resources. Mr. Watts also brought up his proposed "settlement" while discussing his "Motion to Amend Complaint/Motion for Leave to Amend According to Rule 15," which was filed just prior to the hearing. *See* (Doc. 51). Defendant provided a copy of Mr. Watts's proposed settlement agreement and the "check" Mr. Watts tendered to Wells Fargo in supposed satisfaction of his debt. This check on its face is a fraudulent document, and Mr. Watts testified that the check came from "in his computer."

The court finds that Mr. Watts has evidenced an unusual unwillingness to pay the debt he owes to Wells Fargo, going so far as to tender a manufactured "check" as payment, and that if Wells Fargo is not permitted to immediately repossess and sell the car, it will be irreparably financially harmed.  The court finds only a remote possibility that adequate compensatory relief will be available to Defendant at a later date and that Wells Fargo has been, is being, and will continue to be irreparably harmed as the car continues to depreciate in value.

### III.   Threatened Injury vs. Harm to Opposing Party

The court finds that any harm that may accrue to Mr. Watts as a result of losing access to the car does not outweigh the injury Wells Fargo will suffer from Mr. Watts' s inability to pay. Mr. Watts has enjoyed the use of the car for approximately 15 months without payment.

**IV.     Public Interest**

The court finds that the public interest would be served by an injunction enforcing the contract at issue here.

A preliminary injunction is an extraordinary remedy for extraordinary circumstances. These circumstances are extraordinary. Accordingly, the court **GRANTS** Wells Fargo's request for a preliminary injunction permitting it to repossess the 2011 BMW 750, VIN WBAKC8C56BC434525, and **ORDERS** Mr. Watts to surrender possession of the vehicle to Wells Fargo at 200 Wildwood Parkway, Homewood, AL 35209 by Friday, October 28, 2016 at noon.

**DONE** and **ORDERED** this 25th day of October, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE