FILED
2017 Jun-27 PM 04:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROGER W. WATTS, JR., | ] |
| Plaintiff, | ] |
| v. | ] 4:15-cv-02250-KOB |
| WELLS FARGO DEALER SERVICES, INC., | ] |
| Defendant. | ] |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Mr. Watts's "Affiant Demand for Judicial Notice" (doc. 91) and "Writ of Habeas Corpus." (Doc. 92). The court entered an Order and Partial Final Judgment on May 25, 2017, which, among other things, granted final summary judgment in favor of Wells Fargo as to its claim for possession of the 2011 BMW, which served as security for Mr. Watts's loan with Wells Fargo. In these newest filings, Mr. Watts continues to assert various sovereign citizen theories and present incoherent legal documents that do not address the clear language of the contract he signed with Wells Fargo on May 8, 2014 that the court found to be dispositive of this matter. *See* (Doc. 89).

First, the court addresses Mr. Watts's "Writ," in which he challenges the court's jurisdiction over him, (doc. 92 at 1), and his request that the court construe his pro se pleadings liberally in his "Affiant Demand." (Doc. 91 at 1–3). The court <u>has</u> repeatedly construed Mr. Watts's pleadings liberally; the court would have dismissed his case long ago had it not done so. And the court does have jurisdiction over Mr. Watts and this case. *Mr. Watts* filed this suit in state court and so invoked the jurisdiction of the state court, and Wells Fargo removed this case

to federal court. Mr. Watts filed a Motion to Remand, in which he did <u>not</u> challenge personal jurisdiction, and this court determined that it has jurisdiction over the subject matter. (Doc. 53) (denying Motion to Remand). Mr. Watts did not challenge personal jurisdiction until March 22, 2017, when, in his previous "Writ of Habeas Corpus," he stated, "Court jurisdiction has been challenge." (Doc. 75 at 1). The court denied that "Writ of Habeas Corpus" because it presented no grounds for relief. (Doc. 82).

In litigating in this court for 15 months, Mr. Watts waived any claim that he might have to personal jurisdiction. *See Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006) (citations omitted) (stating that a defendant may waive personal jurisdiction if he "substantially participates in the litigation without actively pursuing" his personal jurisdiction defense). In any event, the court properly exercised jurisdiction over Mr. Watts. *See, e.g.*, *Adam v. Saenger*, 303 U.S. 59, 67–68 (1938) (holding that a court may exercise personal jurisdiction over a plaintiff against whom a defendant files a counterclaim, because the plaintiff voluntarily submitted himself to the court's jurisdiction by filing his complaint); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (citation omitted) (finding the argument that a sovereign citizen is not subject to the jurisdiction of the court to be "'wholly insubstantial and frivolous'"); *U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").

Next, the court liberally construes the "Affiant Demand for Judicial Notice"[1] as a motion

---

[1] No such pleading exists, so the court construes this document as the most logical recognized pleading.

to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), and finds that the motion does not "demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit Co. of Maryland v. Am. Consertech, Inc.*, No. 06-0338-CG-M, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Mr. Watts has not shown any of the three generally recognized grounds justifying reconsideration of an order: (1) an intervening change in the law, (2) the availability of new evidence, or (3) the need to correct a clear error or manifest injustice. *See, e.g., Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Instead, Mr. Watts suggests that the *court* may somehow satisfy *his* debt with money from the U.S. Treasury and that his execution of the installment contract with Wells Fargo (by which he borrowed money to buy the car) miraculously paid his debt to the bank. The ridiculous nature of such arguments speaks for itself—and the court specifically addressed the latter argument in its Memorandum Opinion on Wells Fargo's Motion for Summary Judgment. (Doc. 90). Importantly, Mr. Watts admits that he was obligated to pay Wells Fargo under the contract, and seems only to dispute the method of payment: "Affiant does not dispute [nor] has any controversy regarding said debt." (Doc. 91 at 1 n.1). Pursuant to that contract, Mr. Watts—not this court nor the U.S. Treasury—owes the debt to Wells Fargo.

The court finds that Mr. Watts's "Demand," no matter how liberally the court construes it, does not present any recognizable theory on which the court can grant any relief. If Mr. Watts intended the "Demand" as a motion, the court **DENIES** it.

Next, Mr. Watts calls his second filing a "Writ of Habeas Corpus" and requests release

3

from custody; the court construes this document as a *petition* for a writ of habeas corpus as would be filed under 28 U.S.C. § 2241. Although his petition contains numerous legal flaws, because Mr. Watts has been released from custody since he filed his petition, his petition is now **MOOT**.

Accordingly, to the extent they request relief from this court's partial final judgment, the court **DENIES** "Affiant Demand for Judicial Notice" (doc. 91) and **FINDS** the "Writ of Habeas Corpus" (doc. 92) **MOOT**.

**DONE** and **ORDERED** this 27th day of June, 2017.

*Karon O. Bowdre*
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE