IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROGER W. WATTS, JR., | ] |
| Plaintiff, | ] |
| v. | ] 4:15-cv-02250-KOB |
| WELLS FARGO DEALER SERVICES, INC., | ] |
| Defendant. | ] |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Mr. Watts's "Motion to Vacate Void Judgment" (doc. 96) and "Motion to Compel." (Doc. 98). The court entered an Order and Partial Final Judgment on May 25, 2017, which, among other things, granted final summary judgment in favor of Wells Fargo as to its claim for possession of the 2011 BMW, which served as security for Mr. Watts's loan with Wells Fargo. In these newest filings, Mr. Watts continues to assert various sovereign citizen theories and present incoherent legal documents that do not address the clear language of the contract he signed with Wells Fargo on May 8, 2014 that the court found to be dispositive of this matter. *See* (Doc. 89).

Mr. Watts brings his "Motion to Vacate/Void Judgment" pursuant to Federal Rule of Civil Procedure 60(b)(4), which permits the court to grant relief from a void judgment. Mr. Watts argues that this court's judgment is void for lack of subject matter jurisdiction. The court already considered and rejected the argument that it lacked subject matter jurisdiction to adjudicate this matter. *See* (Doc. 53) (denying Motion to Remand); (Doc. 57 at 3–4, 8, 13–14) (discussing reasons for denying the Motion to Remand). So the court **DENIES** the motion to vacate the

judgment.

Mr. Watts's motion to compel seeks an answer to the motion to vacate (whether by Wells Fargo or the court is unclear) and "an administrative notice and demand for identification and credentials," apparently from the undersigned. (Doc. 98 at 2). The court **DENIES** the motion to compel as frivolous.

**DONE** and **ORDERED** this 18th day of August, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE